**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| OLEKSANDR DUHANIN, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | |
| | * | Civil No. 25-967-BAH |
| GLANTZ HOLDINGS INCORPORATED, | | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

The above-captioned complaint was filed with the full filing fee, and therefore Plaintiff bears the responsibility for effecting service of process on Defendant Glantz Holdings Incorporated. Plaintiff may effectuate service by presenting summonses to the Clerk for signature and seal and then serving a copy of the summons and complaint on each defendant.

Although Plaintiff provided a summons along with the complaint, it is deficient because the address for the corporate defendant is not the registered agent designated for service. Plaintiff will be granted twenty-one (21) days from the date of this order to correct the deficiency. Plaintiff is forewarned that failure to provide summonses to the Clerk will result in dismissal of the complaint without further notice and without prejudice.

Service of process on corporations and associations may be made pursuant to Fed. R. Civ. P. 4(h). The summons and complaint are generally served on the resident agent, president, secretary, or treasurer. *See* Maryland Rule 2-124(d). If the corporate defendant is registered in Maryland, Plaintiff may contact the office of the Maryland State Department of Assessments and Taxation at (410) 767-1330 or visit the website at

https://egov.maryland.gov/BusinessExpress/EntitySearch to obtain the name and service address for the resident agent.

Plaintiff has provided an address for the corporate defendant in Kentucky. Plaintiff may contact the Kentucky Secretary of State or visit the website at https://sosbes.sos.ky.gov/BusSearchNProfile/search.aspx to obtain the name and service address for a resident agent of a corporate defendant registered in Kentucky.

Both LexisNexis and Westlaw provide free public access to the Maryland Rules. Free public access to the Maryland Rules is also available through the Maryland State Law Library's website at: https://mdcourts.gov/lawlib/research/gateway-to-md-law/code-rules-laws-sources.

Pursuant to Fed. R. Civ. P. 4(c)(2), service of a summons and complaint may be effected by any person who is not a party and who is at least 18 years of age. Plaintiff is reminded that under Fed. R. Civ. P. 4(l), the person effecting service of the summons and complaint must promptly notify the Court,[1] through an affidavit, that he or she has served the defendant(s).

If there is no record that service was effectuated on the defendant(s), Plaintiff risks dismissal of this case. Pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a., if a party demanding affirmative relief has not effectuated service of process within ninety (90) days of filing the complaint, the Court may enter an order asking the party to show cause why the claims should not be dismissed. If the party fails to show cause within the time as set by the Court, the complaint shall be dismissed without prejudice.

---

[1] If Plaintiff does not use a private process server, and instead uses certified mail, restricted delivery, return receipt requested, to make service, Plaintiff must file with the Clerk the United States Post Office acknowledgment as proof of service showing who received service and when it was received.

Plaintiff has also filed a motion to appoint counsel and to request a Russian interpreter.  *See* ECF 4.  Civil litigants are generally not entitled to court-appointed counsel.  *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 306 (1989).  Under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent civil litigants in exceptional circumstances.  *See Bailey-El v. Hous. Auth. of Balt. City*, 185 F. Supp. 3d 661, 670 (D. Md. 2016) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975), *aff'd in part, vacated on other grounds,* 686 F. App'x 228 (4th Cir. 2017). Whether exceptional circumstances exist is a fact-specific determination.  *See Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)*, abrogated on other grounds by Mallard*, 490 U.S. at 298. Exceptional circumstances exist where (1) "the plaintiff 'has a colorable claim'" and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 162).

Here, Plaintiff paid the full filing fee, is not proceeding in forma pauperis, and has not otherwise demonstrated that he is indigent.  It is also unclear at this early stage whether exceptional circumstances exist (and Plaintiff has not advanced that they do) to warrant appointment of counsel.  Plaintiff's motion for appointment of counsel will therefore be denied. Plaintiff's request for an interpreter will also be denied.  "There is no right to an interpreter in this action." *Song v. Welch*, No. 5:09-CV-72-D, 2009 WL 10687727, at *2 (E.D.N.C. Apr. 24, 2009) (citing 28 U.S.C. § 1827(a) and Fed. R. Crim. P. 28).  Plaintiff may seek extensions of time, which are generally granted liberally, to accommodate his self-represented status and English-language abilities.

Accordingly, it is this 2nd day of June, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Within twenty-one (21 days) of the date of this order, Plaintiff SHALL SUBMIT

completed summons forms, as instructed herein, to the Clerk and the Clerk SHALL issue summonses and return them to Plaintiff; If service copies of the complaint were provided, the Clerk SHALL RETURN them to the Plaintiff;

2. Plaintiff IS FOREWARNED that failure to return completed summonses within the time specified will result in dismissal of the complaint without prejudice and without further notice;

3. Plaintiff's motion to appoint counsel and request for an interpreter, ECF 4, is DENIED; and

4. The Clerk SHALL SEND a copy of this order to Plaintiff.


_____/s/_____
Brendan A. Hurson
United States District Judge